JUSTICE RICE
dissenting.
¶46 I would conclude that the District Court is proceeding under a mistake of law and, deeming this matter to be appropriate for supervisory control, would exercise the same and reverse the order entered by the District Court. Although I agree with undertaking review of the merits of the petition, I must dissent from the Court’s failure to exercise supervisory control under Issue 1. In support of exercising supervisory control, I find persuasive the Supreme Court of Wisconsin’s review by certiorari of an interlocutory appeal, where discovery issues similar to those here arose in litigation between a dissident director and a corporation, in Lane v. Sharp Packaging Sys., Inc. (Wis. 2002), 640 N.W.2d 788.
¶47 I dissent to Issue 2. The Court essentially disregards the concrete legal principle that a corporation is a clientfindeed, is the actual or “true” client here-who has actual legal interests that must be *27 protected by the attorney-client privilege. Instead, it adopts the fictional ‘joint client theory,” and pursuant thereto holds that the true client’s interests in preserving the confidentiality of its communications with counsel may not be protected by assertion of the privilege against a former director who was serving on the board at the time the communications occurred. Thus, the true client’s interests are subordinated to a creature of fiction-that is, the concept that individual directors are also “clients,” and even more, that the interests of those individual directors are superior to the interests of the corporation they serve. Henceforth, a single corporate board member can force open confidential communications between the corporation’s counsel and corporate representatives authorized to conduct legal business. Thus, in these situations, the true client’s rights are effectively destroyed.
¶48 The authority cited by the Court in support of the ‘joint client theory” consists of a dissenting opinion in Lane and the 1992 United States District Court decision in Gottlieb, which has since been widely criticized. I would reject these sources in favor of the strong majority position in the country, which is both well-supported and well-reasoned, as represented by the majority in Lane:
The corporation’s lawyer does not need to worry about representing the interests of every member (or former member) of the corporation’s board of directors. Accordingly, only the client corporation or the corporation’s lawyer, acting on the corporation’s behalf, can waive the lawyer-client privilege. We disagree with the dissent’s interpretation that applying the entity rule makes the lawyer ‘become the corporation’s guardian ad litem.”
We further conclude that even though the documents were created during Lane’s tenure as a director, Lane is not entitled to the documents in Niebler’s files. As the United States Supreme Court stated in Weintraub, “the power to waive the corporate attorney-client privilege rests with the corporation’s management and is normally exercised by its officers and directors.” 471 U.S. at 348, 105 S.Ct. 1986. The Scarberrys currently comprise Sharp’s board of directors, or management, and retain control over Sharp’s lawyer-client privilege. Lane is a former director, and a “dissident.” We agree with the court’s reasoning in Milroy: “A dissident director is by definition not ‘management’ and, accordingly, has no authority to pierce or otherwise frustrate the attorney-client privilege when such action conflicts with the will *28 of ‘management.’” 875 F.Supp. 646, 649-650. Accordingly, we conclude that even though Lane is a former officer and director, and the documents at issue were prepared during his tenure, Sharp can effectively assert the lawyer-client privilege against him.
Lane, ¶ 33 n.14, ¶ 34. Thus, a corporation, as directed by the current corporate principals, retains its attorney-client privilege and the power to assert it. A dissident board member has no power to waive it. I would so hold.
¶49 The decision in Gottlieb, upon which the Court relies, has been roundly criticized. United States District Courts in Bushnell v. Vis Corp. (N.D. Cal. 1996), 1996 U.S. Dist. Lexis 22572, and Milroy v. Hanson (D. Neb. 1995), 875 F.Supp. 646, have stated that Gottlieb “made a ‘fundamental error’ in failing to recognize that ‘there is but one client, and that client is the corporation.’” Bushnell, at 13. Recently, the United States District Court for the Northen District of Illinois concluded that “Gottlieb does not reflect a correct application of the law of corporate privilege ...."Dexia Credit Local v. Rogan, 2004 U.S. Dist. Lexis 25635, at 24. In another recent analysis of Gottlieb, the Court of Appeals of Colorado disagreed with its holding and concluded:
We agree with the court’s reasoning in Milroy. Although plaintiffs status as a former director would have entitled him to learn privileged information when he was a director, he would then have been duty bound to keep such information confidential. He would not have been entitled alone to assert or waive the privilege on behalf of [the corporation].
Genova v. Longs Peak Emergency Physicians, P.C. (Colo. Ct. App. 2003), 72 P.3d 454, 463.
¶50 In In re Mktg. Investors Corp. (Tex. Ct. App. 1998), 80 S.W.3d 44, the Texas Court of Appeals analyzed Gottlieb and responded as follows:
Gottlieb and its progeny recognize a collective corporate or “common interest” client which may take a position adverse to the corporation and still prevent the application of the attorney-client privilege. Gottlieb, 143 F.R.D. at 246-47. Milroy expressly disapproves of this and holds there is but one client-the corporation. Milroy, 875 F.Supp. at 649. The Milroy line of cases hold that a former officer or director who is seeking documents in a personal capacity, not in a fiduciary capacity, does not act as corporate “management.” Milroy, 875 F.Supp. at 650. And has ‘ho authority to pierce or otherwise frustrate the attorney-client *29 privilege when such action conflicts with the will of management.” Id.
We find the Milroy line of cases more persuasive. Those cases hold that the privilege belongs to the corporation. Only the corporation may permit access to its attorney-client communications. When the Corporation terminated MacDonald’s employment, he no longer had the Corporation’s permission to view or possess any of the corporation’s documents. The Corporation is a separate entity and should not lose its valuable legal rights because it can only act through its employees. We conclude the attorney-client privilege applies against MacDonald’s possession of the Corporate documents. To hold otherwise would mean that the employee and the Corporation share the privilege.
In re Mktg. Investors Corp., 80 S.W.3d at 50.
¶51 I agree that a corporation “should not lose its valuable legal rights because it can only act through its employees.” I would reverse the District Court.